Vincent A. Lupiano, J.
This is a motion by the Advance Trucking Corporation to confirm an arbitration award. The union opposes on the grounds that the arbitrator has improperly executed and exceeded his powers (Civ. Prac. Act, § 1462, subd. 4). The arbitrator based his authority to award monetary damages on the rules and regulations of the New York Trucking Authority, and it is claimed by the union that these rules and regulations do not constitute a part of the collective bargaining agreement. The latter contention is without merit. Section 9 of the collective bargaining agreement specifically provides that “ The dispute shall * * * be submittted to the New York City Trucking Authority for arbitration, whose decision shall be final and binding upon the parties hereto ”. There can be no question that in order to properly carry out the function for which they were created, the authority must operate within a framework of rules and regulations in order to insure fairness and impartiality to all parties. It is axiomatic therefore, that by binding themselves to the decision of the trucking authority, the union also bound itself to the rules and regulations under which the authority operated.
The union also claims that under Martin v. Curran (303 N. Y. 276) to hold an unincorporated association (and the union is such an association) responsible in damages, all the members *619 of the association must either have authorized or ratified the act in question. The Martin action was one for damages arising from libelous statements made about the plaintiffs, which were printed in the union’s official newspaper under the direction of the named defendants. The court held (p. 281) that “ [t]he liability to be enforced in any such suit, in which association officers are named as representative defendants, is still that of the individual members as individuals, and so the cause of action has to be one ‘ for or upon which the plaintiff may maintain such an action * * * against all the associates, by reason of their * * * liability therefor, either jointly or severally’.” In the instant case, it was the union, not its officers who was the party to the arbitration. In any event, although the strike was called by the officials of the union, it cannot be seriously argued that, where the membership of the union obeyed the strike call, they were not in fact ratifying the act of their officers. Furthermore, by proceeding to arbitration without moving for a stay, the union must be deemed to have waived its contention that the arbitrator did not have the power to award monetary damages (see Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377 and cases cited therein). The mere fact that a different conclusion could have been reached does not mean that the arbitrator so exceeded his powers as to empower a court to set aside the award (Matter of National Cash Register Co., supra; Matter of Bay Iron Works [Eisenstein], 17 A D 2d 804). Therefore, the motion to confirm the award of the arbitrator and to enter judgment is granted.